```
                IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| KEIR HODGE, | HONORABLE JEROME B. SIMANDLE |
| Petitioner, | Civil Action No. 08-3614 (JBS) |
| v. | |
| UNITED STATES OF AMERICA, | **MEMORANDUM OPINION** |
| Respondent. | |

**SIMANDLE**, District Judge:

    This matter is before the Court upon Petitioner's submission of a petition for a writ of <u>audita querela</u> [Docket Item 1]. THE COURT FINDS AS FOLLOWS:

    1. Petitioner was convicted of conspiracy to distribute controlled substances, possessing a firearm in furtherance of a drug trafficking crime, and being a convicted felon and possessing a firearm. On March 7, 2003, the Court sentenced Petitioner to 121 months on Count One and 120 months on Count Three, concurrent, followed by 60 months of imprisonment on Count Two, to run consecutively. The Court applied two two-level upward adjustments to Petitioner's offense level for obstruction of justice pursuant to U.S.S.G. § 3C1.1, and taking a leadership role in the offense pursuant to U.S.S.G. § 3B1.1(c). Petitioner appealed his sentencing enhancements, among other issues. On November 20, 2003, the Court of Appeals affirmed this Court. The

judgment of conviction became final on February 18, 2004.

2. On July 17, 2008, Petitioner filed the present motion styled as a petition for a writ of audita querela. Petitioner seeks resentencing pursuant to the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005) (finding sentencing guidelines to be advisory rather than mandatory).

3. Following the Third Circuit Court of Appeals holding in Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009) that a writ of audita querela is unavailable to a petitioner whose claim is cognizable under § 2255, the Court characterized the petition as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255. Here, § 2255 is the exclusive remedy for an individual seeking to vacate his federal conviction or sentence; Petitioner had the opportunity to file a petition for relief under § 2255 following the affirmance of his conviction for one year yet he failed to do so.

4. Pursuant to the Third Circuit Court of Appeals decision in Miller, because this motion would constitute Petitioner's first § 2255 petition, the Court advised Petitioner that he has the option to withdraw the motion or amend it to ensure that it includes all of his claims. See United States v. Miller, 197 F.3d 644 (3d Cir. 1999). Petitioner responded that he does not desire that the motion be recharacterized, and has neither withdrawn the motion nor sought to amend it. The Court will

therefore rule on it as filed.

    5.  Whether this petition is decided as a petition for a writ of <u>audita querela</u> or a petition for a writ of habeas corpus under § 2255, it is without merit.  As already noted, a writ of <u>audita querela</u> is unavailable to Petitioner, and would therefore be denied.  <u>Massey</u>, 581 F.3d at 174.  And a petition pursuant to § 2255 would be untimely.  Section 2255 provides that "[a] 1-year period of limitation shall apply to a motion under this section," 28 U.S.C. § 2255, measured from the time the judgment of conviction becomes final.  The judgment of conviction becomes final upon "the expiration of the time allowed for certiorari review by the Supreme Court."  <u>Kapral v. United States</u>, 166 F.3d 565, 567 (3d Cir. 1999); <u>Clay v. United States</u>, 537 U.S. 522, 525 (2003).  Therefore, Petitioner failed to file a motion to vacate his sentence under 28 U.S.C. § 2255 before the one-year limitation period for such a motion expired on February 18, 2005.  Additionally, even if it were timely, the petition would be without merit because the Third Circuit Court of Appeals has held that "<u>Booker</u> does not apply retroactively to initial motions under § 2255 where the judgment was final as of January 12, 2005, the date <u>Booker</u> issued." <u>Lloyd v. United States</u>, 407 F.3d 608, 615-16 (3d Cir. 2005).

    6.  The accompanying Order shall be entered.  The Court will deny a certificate of appealability upon Petitioner's application

for relief under 28 U.S.C. § 2255 because there is no reasonable basis for a difference of opinion on the merits of this decision.

                                        **s/ Jerome B. Simandle**
                                        Jerome B. Simandle
                                        United States District Judge